UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL M. MOORING,<br><br>    Petitioner,<br><br>  v.<br><br>SUPERIOR COURT OF CALIFORNIA; et al., ,<br><br>    Respondent.<br>_____ / | No. C 08-2876 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Daniel M. Mooring, an inmate at Folsom State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

A threshold problem with the petition is that the court is unable to determine whether this

is a second petition from the same person. The petitioner shares the same name and the same prison location with that of a petitioner whose habeas petition challenging a conviction from the San Francisco County Superior Court is pending in this court, Mooring v. Walker, C 07-5013 SI (pr). However, the court is not certain that the current petitioner is the same petitioner as in the earlier case because (a) the handwriting is different on the two petitions, (b) the petitioners have very similar but not identical CDC numbers, and (c) the earlier petition lists more crimes than the murder listed in the current petition. If the earlier petition and the current petition have been filed by the same Daniel Mooring, the current petition cannot go forward because a person generally is allowed only one petition to challenge a conviction and all later petitions are dismissed. See 28 U.S.C. § 2244. If Mooring is the same Daniel Mooring who filed Case No. C 07-5013 SI, and he wants to presents new claims in addition to those asserted in Case No. C 07-5013 SI, he must file a request to dismiss the current action and file a motion to amend the petition in Case No. C 07-5013 SI.[1] If Mooring is not the same Daniel Mooring who filed the earlier petition, he must file an amended petition in this action curing the deficiencies identified in this order.

The petition is not signed by Mooring. The amended petition must be signed by Mooring or the action will be dismissed.

The petition fails to provide most of the information the court needs to screen it for procedural problems, such as exhaustion of state court remedies. The petition does not identify when Mooring was sentenced and does not provide any information about the progress of his appeal or any state habeas petitions. (There are simply asterisks next to the places on the form petition where the information is to be provided – suggesting that one person filled out part of the form petition and wanted someone else to provide the unknown information, but the second person neglected to provide the requested information.) Mooring's amended petition must provide answers to all the questions asked on the form petition.

---

[1] The motion to amend must be filed in the earlier case (i.e., in Case No. C 07-5013 SI) and must identify each claim that petitioner wants to have considered in that action, and explain why it was not included in the original petition.

2

1    The petition also fails to adequately identify the federal constitutional basis for each of the claims. For each of his claims, Mooring should state in the amended petition what constitutional right was violated and give a short statement of the facts that shows the constitutional violation.

    For the foregoing reasons, the petition is dismissed with leave to amend. Mooring must file a signed amended petition no later than **July 25, 2008** that cures all the deficiencies identified in this order. Mooring is cautioned that any claim he presents here must first have been presented to the California Supreme Court in order to exhaust his state court remedies. See 28 U.S.C. § 2254(b), (c). Failure to file an amended petition by the deadline will result in the dismissal of this action.

    Alternatively, if Mooring is the same petitioner as in Case No. C 07-5013 SI, he should file (a) a request for dismissal in this action and (b) a motion to amend in Case No. C 07-5013 SI. He also should clarify which of the two CDC numbers is the correct one for him.

    IT IS SO ORDERED.

DATED: June 23, 2008

_____
SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DANIEL M MOORING,

       Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA et al,

       Defendant.

Case Number: CV08-02876 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daniel M. Mooring V-32956
California State Prison Sacramento
P.O. Box 290066
Repressa, CA 95671

Dated: June 24, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk